[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Pauline R. Hyla, by writ, summons and complaint, dated, November 19, 1998, commenced this action seeking, inter alia, a dissolution of her marriage to defendant, Alan R. Hyla.
After a full trial, all parties present and represented by counsel, the court, based on a preponderance of the credible, relevant, reliable and legally admissible evidence and the reasonable, rational, logical and lawful inferences to be drawn therefrom, finds, rules and orders as follows:
The plaintiff, whose birth name was Pauline Root, and the defendant intermarried on October 20, 1990, in East Haddam, Connecticut.
The plaintiff has resided in this state continuously for at least one year prior to the date of the Complaint.
The plaintiff and the defendant have two minor children, issue of their marriage, namely; Aaron T. Hyla, born December 8, 1992 and Cole A. Hyla, born October 19, 1994.
No other children have been born to the plaintiff since the date of the marriage.
No governmental agency is contributing to the support of any of the parties hereto.
The marriage of the plaintiff and defendant has broken down irretrievably.
The parties enjoyed a life style, prior to the birth of the children, in which they mutually engaged in dining out, traveling, sports activities and other recreational activities possible prior to assuming obligations required by the advent of children into the marriage.
After the birth of the children, both parties continued to work full-time, but the plaintiff assumed the majority of the household and childcare responsibilities, while the defendant continued, in most part, to enjoy his previous activities which included participating in two softball leagues, skiing, for a while voluntary EMT work, and numerous extended vacations away from home. These vacations occurred as extensions CT Page 15650 of time during which he did consulting work. These out-of-state vacations were enjoyed by the defendant while the plaintiff remained at home, working full-time, and caring for the children. On more than one occasion, the defendant remained out overnight without notifying the plaintiff. The defendant did not adequately support the plaintiff with the household and childcare duties, which the plaintiff continued to perform even though she was working full-time. The defendant occasionally displayed outbursts of temper.
In June of 1998, the defendant advised the plaintiff the he no longer wished to be married. The court assigns fault to the defendant for the breakdown of the marriage.
Based on the mandates of Gen. Stat. Sec. 46b-81 and Gen. Stat. Sec.46b-82, the court determines, rules, distributes and awards as follows:
The parties shall have joint legal custody of the children, with primary residence with plaintiff subject to the access schedule approved by the court on July 17, 2000, which schedule is incorporated by reference into this decree.
The defendant shall pay to the plaintiff as child support the sum of $185.00 per week plus 33% of the plaintiff's daycare expenses. The defendant shall maintain medical and dental insurance or the children. The parties shall split the cost of unreimbursed medical expenses.
Neither party is awarded alimony.
The defendant shall quitclaim his interest in the marital home located at 116 Sheepskin Hollow Road, East Haddam to the plaintiff to be hers free and clear of any claims by the defendant. The plaintiff shall assume sole liability for the first and second mortgages and hold harmless the "defendant from any claims therefor.
The plaintiff shall retain her Primedia, Inc. retirement account, her Pearson Education, Inc. retirement fund and her Edward Jones IRA account free and clear from any claims by the defendant.
The defendant shall retain his 403 b thrift plan with Mutual of America, his deferred compensation plan with Aetna, his IRA with Aetna and his State of Connecticut Pension free and clear of any claims by the plaintiff.
The plaintiff shall retain the contents of the marital home, with the exception of any item listed on Exhibit A attached hereto and made a part hereof, listed "To Alan." Those items listed to "Pauline" shall be hers. CT Page 15651
The children's custodial accounts and savings bonds shall be assigned to the plaintiff to be held in trust by her and used solely for the benefit of the children.
The parties shall continue to make one-half the monthly payment due on the personal loan from the credit union.
There shall be no findings of contempt on any matters before the court preceding this judgment.
The parties may each claim one child as a dependant for tax purposes starting with the 2000 return. After the oldest child attains majority the parties shall alternate the deduction. to the plaintiff in even numbered years, the defendant in odd numbered years.
Each party shall name the children as equal sole beneficiaries on at least $100,000 of unencumbered life insurance death benefits. Each party shall provide to the other proof of such coverage on or before June 1, of each year.
The plaintiff shall retain title to the Impreza and Trooper automobiles presently in her possession free and clear of any claims of the defendant. The defendant shall retain title to the Legacy automobile in his possession and he shall be responsible for any remaining balance on same and shall hold harmless the plaintiff from any liability thereon.
A decree may enter dissolving the marriage and incorporating therein the above distributions, awards and orders of the court and including therein by reference the access agreement dated July 17, 2000 and Exhibit "A" the distribution of property attached hereto.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE
 EXHIBIT A Marital Assets
To Alan To Pauline
Al's Television Computer Printer 35mm Camera Video Camera Scandinavian Design table set Lawn Mower Down Hill snow skis, boots, poles Weed Wacker CT Page 15652 Winter clothing 2 Hose Storage Units Wheel barrel Water ski's Boys Bunk beds (swap) Isuza Trooper TV stand Computer Stand Power tools (sander, drill, jigsaw) Desk Lamp Computer 1 of four Dressers School chair Tools on workbench Nordic Track School desk/chair Wood stove Goodspeed Opera print Quarter sawn Vinyl rewords Vinyl records Animal drawings (hallway) October print New Stereo Stuart Gardner print 2 Rose prints Canoe Shipwreck painting Scuba Gear Brooklyn Bridge painting East Haddam prints Boys Dresser Bookcase den Boys Bookcase Al's personal belongings (boxed) Picnic table 3 Cabellaro's print Wicker night-stand Sleeping beg Wood bench loveseat Al's two-man tent Desk (den) Baby crib (Grandpa Tom) Furniture (sleeper couch, futon) Children's Books (divide up) Bookcase (den) Al's old stereo from college VCR Lamp (wrought iron) vacuum cleaner
Shot glass collection Furniture in Master bedroom Bike buggy Extension ladder